**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Corvin C. EMDY, Defendant-Appellant.**

**No. 71-2158.**

United States Court of Appeals, Ninth Circuit.

July 26, 1972.

Certiorari Denied Nov. 13, 1972.
See 93 S.Ct. 456.

Durward Self, Jr. (argued), of Giro-lami, Skidmore & Self, Tacoma, Wash., for defendant-appellant.

J. S. Obenour, Asst. U. S. Atty. (argued), Tacoma, Wash., for plaintiff-appellee.

Before HAMLEY, GOODWIN and WALLACE, Circuit Judges.

PER CURIAM:

Corvin C. Emdy appeals from his conviction and sentence on a charge of attempting to escape from the United States Penitentiary at McNeil Island, Washington, while incarcerated therein as a convicted felon, in violation of 18 U.S.C. § 751. We affirm.

Emdy argues: (1) the trial court abused its discretion in not granting a more extensive continuance than was ordered, after it was discovered on the morning of the trial that there were some pills in a pocket of the jacket defendant wore during the escape attempt which, defendant claimed, were amphetamines or barbiturates; (2) the trial court erred in admitting in evidence a

purported chemical analysis of the chemical contents of a pill found in the jacket pocket, over the objection that the analysis did not conform to the stipulation of the parties concerning such analysis; and (3) the defendant has been denied the effective assistance of counsel on appeal, by reason of the Government's asserted action in transporting defendant, after conviction, to various federal prisons in Texas, Pennsylvania and Kansas.

In our opinion, the district court granted an adequate continuance after defendant's counsel learned of the pills in defendant's jacket, and therefore did not abuse its discretion in denying a further continuance. We are also of the view that the chemical analysis in question was in substantial compliance with the stipulation. Concerning the transportation of defendant to various federal penal institutions during the pendency of the appeal, there is no showing that defendant has been prejudiced, since defendant and his counsel did have contact with each other prior to the filing of the opening brief on appeal.

Affirmed.